## MAYOR, etc., OF HELENA VS. THOMPSON.

MUNICIPAL CORPORATION: *When liable for damage resulting from an insufficient ditch, etc.*

Where a city left it to her engineer to determine the capacity of a ditch and culvert required to carry off the water of a natural stream, which was turned from its natural channel by the raising of a street, and the ditch and culvert have not the capacity to pass off the water, whereby it flows back upon and damages the adjacent lots, the city is liable for the damage.

APPEAL from *Phillips* Circuit Court.

Hon. W. H. H. CLAYTON, Circuit Judge.

*John J. Horner,* for appellant.

*U. M. Rose, contra.*

ENGLISH, C. J. The complaint in this case alleged in substance, that the plaintiff, Arthur Thompson, was the owner

of certain lots in the city of Helena, which are described, with the rights, privileges and improvements thereto belonging, and had owned, used and occupied said lots by himself and tenants for ten years. That on the — day of — 18 — the defendants (the mayor and council of the city of Helena) made an order to fill up and raise Columbia street from Righter street down to and beyond Elm street, in said. city, and by their order and direction caused said Columbia street, for the distance aforesaid, to be filled and raised to a height of five feet above its former and natural level ; and the said work was done in a negligent and unskillful manner; and thereby obstructed and changed the natural course and flow of a certain small stream running near and through the said premises, known as Righter Branch, which ever before afforded a sufficient outlet and drainage to carry off the water from said premises.

That by filling and raising said street in a negligent manner as aforesaid, and obstructing and hindering the natural course and flow of the said stream as aforesaid, the said premises became and ever since have been liable to deep overflow, to wit: to a depth of from one to five feet, and had been and were frequently inundated, by reason whereof said premises became and were almost valueless to plaintiff.

That before the filling and raising of said Columbia street as aforesaid, said Righter Branch had ever flown in an eastern course across said street, at or about its intersection with York street, and at or about its intersection with Elm street, which was the natural and accustomed course of said stream ; but the same, by the filling and raising of said street as aforesaid, was obstructed and forced to run in a southerly course into a new and difficult channel of insufficient size to carry off the water, in consequence of which it backed upon and over flowed said premises.

That before the raising of said street as aforesaid, said premises were good, tenantable lots, of great value to plaintiff, and were exempt from overflow, with the exception of a small part thereof, upon which the water rose a few inches during very heavy rains. That plaintiff had petitioned the defendant to ascertain, assess and award him damages, etc., which was refused. Damages laid at $2,000.

The defendant answered, admitting that by an ordinance of the mayor and council, of February 7, 1871, exhibited, she caused to be graded Columbia street, in accordance with the provisions of said ordinance, and in making said grade, did cause said streets to be filled, raised from Righter street down to and beyond Elm street several feet above its former level, etc. Denies that said work was done in a negligent and unskillful manner, but avers that the same was done with care and skill, and in the manner provided in said ordinance. Admits that the channel of Righter Branch, prior to the grading of said street, was in an easterly direction at or about the intersection of Columbia street with York and Elm streets; and that under the ordinance providing for the grading of Columbia street, it was provided that the channel of said stream should be changed and carried down the west side of Columbia street; and averred that the same was done as provided in said ordinance, and with care and skill. Admits that said branch in very heavy rains overflows the lots adjacent thereto; could not say whether the lots of plaintiff were overflowed or not, but avers that they were subject to overflow before the grading of Columbia street, etc. Admits that plaintiff petitioned for assessment of damages, which was refused.

The plaintiff introduced evidence on the trial, conducing to prove that the raising of Columbia street stopped the flow of Righter Branch along its natural channel, and caused water to

flow back on and damage his lots, because of the want of capacity of a ditch dug along the street, and a culvert constructed to pass off the water. The defendant introduced evidence conducing to prove that the grade of the street was made in accordance with the ordinance exhibited with the answer, and the ditch and culverts provided for by the ordinance, constructed under the directions of an engineer employed by the city, and believed to be competent, etc.

The plaintiff asked eighteen instructions to the jury; the 1st, 8th, 10th, 11th, 12th, 16th, and 18th were given against the objections of defendant, and the others refused. All of the instructions moved by the defendant were given.

The jury rendered a verdict in favor of the plaintiff for $1,250 damages. A new trial was refused, and the defendant excepted and appealed.

The instructions given for appellee against the objection of appellant are as follow:

"1. If the jury believe from the evidence that the allegations made in the complaint are true, they will find for the plaintiff, and assess his damages at any sum not exceeding $2,000, in accordance with the proof.

" 8. If they believe from the evidence that the grading of said Columbia street, as provided in said ordinance (No. 412), was done in a careless, unskillful or negligent manner, whereby the said lots and premises of the plaintiff were damaged, they will find for plaintiff, and assess his damages according to the proof.

" 10. If the jury believe from the evidence that the provisions of said ordinance were executed by the defendant, her agents or servants, in an imperfect or unskillful manner, whereby the premises of plaintiff were damaged by overflow from said Righter Branch, they will find for plaintiff, and assess his damages in accordance with the proof.

" 11. If they believe from the evidence that said defendant failed to prescribe the capacity of the ditch or drain ordered to be opened as provided in said ordinance, but left the determination of its dimensions to her agents and servants, and the evidence shows the work was done imperfectly and unskillfully, the defendant is liable in damages for such unskillful execution of the work, and the jury will so find.

" 12. The jury are instructed that municipal corporations are responsible for the mistakes or want of skill of a surveyor or engineer, when he acts for and under the directions of the corporation in planning or making works or improvements ordered by the corporate authority.

" 16. If the jury believe from the evidence that the city, in raising the grade of Columbia street, filled up the bed of Righter Branch, a natural drain for the lots mentioned in this suit, and failed to exercise her judgment in making suitable provisions to carry off the water so diverted by having the work done in an imperfect, negligent and unskillful manner, they must find for plaintiff and assess his damages as proved.

" 18. That compliance with said ordinance (No. 412) is a question of fact, and if the jury believe from the testimony that the same was carried out imperfectly, negligently and unskillfully, the city is liable in damages."

As respects municipal corporations proper, whether specially chartered or voluntarily organized under general acts of incorporation, it is, we think (says Judge Dillon) universally considered, even in the absence of a statute giving the action, that they are liable for acts of misfeasance positively injurious to individuals done by their authorized agents or officers in the course of the performance of corporate powers constitutionally conferred, or in the execution of corporate duties; and it is almost but not quite the uniform doctrine of the courts that they are also liable when the wrong resulting in an

injury to others consists in a mere neglect or omission to per-
form an absolute and perfect (as distinguished from a discre-
tionary *quasi* judicial or imperfect) corporate duty owing by
the corporation to the plaintiff, or in performance of which he
is specially interested.    Dill. Mun. Corp., p. 721–2, sec. 764.
778.

In considering the liability of municipal corporations for
injuries to private property in consequence of being overflowed
with water caused by improvements made or work done upon
streets under their authority, it is important to distinguish
between natural streams flowing in channels between defined
and actual banks, and surface water caused by rain or melting
snow, for the law relating to them is very different, and the
powers of the municipality much greater with respect to the
latter than the former.    Assuming the stream to be of the
former character (a natural stream flowing in a channel
between defined and actual banks as Righter Branch seems to
have been), and that the municipality is without any legisla-
tive powers, changing what would otherwise be the legal
rights of the parties, its authorities under the general power to
grade and improve streets, or construct public improvements
beneficial to it, cannot deprive others of their rights in the
water course, or injure them by badly constructed and in-
sufficient culverts or passage ways, obstructing the free flow
of the water without being liable therefor.    Dill. on Mun.
Corp., sec. 797 and cases cited.    The rule is different as to
surface water.  Id., 798;  *City of Little Rock v. Willis*, 27 Ark.,
572.

The ordinance exhibited with the answer of appellant,
authorized the mayor to employ a competent engineer to lay
off, estimate and establish the grades, ditches, culverts, etc.,
and the ditch along Cumberland street was to be extended and
continued under the direction of the improvement committee.

It appears that the mayor and council of the city did not undertake to decide, determine and fix the capacity of the ditch and culvert required to conduct and carry off the water of Righter Branch when turned from its natural channel by the raising of Columbia street, but left that to be done by the engineer. As we have above indicated, the evidence conduced to prove that the ditch and culvert constructed under the directions of the engineer had not the capacity to pass off the water, and that it flowed back upon, and damaged the lots of the appellee; and the city was responsible for the unskillfulness of the engineer. *Rochester White Lead Co. v. City of Rochester*, 3 Comst., 466.

Whilst some of the instructions above copied may be subject to verbal criticism, yet taking them altogether they expressed the law substantially in accordance with established principles as above shown, and appear to have been warranted by the evidence.

The instructions given at the instance of the appellant, and those given for the appellee, left the matters of fact in issue fairly to the jury, and there was no want of evidence to support their verdict in any material matter.

The judgment must be affirmed.