## ARKADELPHIA v. WINDHAM.

INCORPORATED TOWNS AND CITIES: *Duty of repairing streets: Liability to action for damages.*

It is the duty of incorporated towns and cities to keep their streets in repair; but such duty is to the public, not to private individuals, and a failure to perform it does not make the city or town liable to a civil action by an injured party, for damages sustained by reason of such failure.

APPEAL from *Clark* Circuit Court.

R. D. HEARN, Special Judge.

The appellee, Windham, brought his action against the appellant, the city of Arkadelphia, to recover damages for an injury to his horse and wagon sustained while driving over a defective railway crossing of a highway within the city's corporate limits. The complaint averred that the defendant was a municipal corporation bound by its charter to keep the streets and highways within its limits in good repair; that the defendant neglected to repair one of these at a railway crossing and that by reason of its bad condition the plaintiff's wagon was upset and broken and his horse crippled whereby he was damaged in the sum of $120.

A demurrer to the complaint was overruled, exception was taken and the defendant answered denying the material averments of the complaint and alleging that the defendant was injured through his own carelessness. A trial by jury resulted in a verdict and judgment for the plaintiff; a motion for a new trial was denied and the city appealed.

*Crawford & Crawford* for appellant.

Cities and towns are not liable for injuries to individuals for the non-performance of a public duty by its officers, in the

absence of a statute making them so liable. *45 Mich., 265; Angell on Highways, sec. 286; Mitchel v. Rockland, 52 Me., 123; Hyde v. Jamaica, 27 Vt. 443; State v. Burlington, 36 Vt.,* at page *523,* and cases cited; *Sawyer v. Northfield, 7 Cush.,* at page *494; Mower v. Leicester, 9 Mass., 249; Oliver v. Worcester, 102 Mass., 489–499; Hill v. Boston, 122 Mass., 357,* and cases cited; *Providence v. Clapp, 17 How. (U. S.),* at page *167; Hickok v. Plattsburgh, 15 Barb., 440; Pray v. Jersey City, 32 (3 Vroom.,) N. J., 394; Detroit v. Corey, 9 Mich., 165–184; Detroit v. Blakeby, 21 Mich., 84; Detroit v. Putnam, supra; Winbigler v. Los Angeles, 45 Cal., 36; Young v. Charleston, ·20 S. C. Repts., 116; Navasota v. Pearce, 46 Tex., 525; Angell on Highways, secs. 258–286.*

BATTLE, J. It is the duty of incorporated towns and cities of this State to keep their streets in repair, but no statute, expressly or by implication, makes them liable to a private action by an injured party for damages sustained by reason of a failure to discharge the duty. In the absence of such a statute are they liable to a civil action by an individual for such damages?

Upon this question the authorities are not agreed and differ as to where the weight of authority lies. But while they differ in this respect they are almost unanimous in holding that an action cannot be maintained against counties or parishes unless authorized by statute, for damages sustained through their neglect to keep their bridges and highways in repair, although the duty of doing so is clearly enjoined upon them by law, and they have authority to collect taxes, or make adequate assessments for that purpose. It was so held by this court in *Granger v. Pulaski County, 26 Ark., 37.* The reason of this rule is, they are a part of the machinery of the State government, and their functions are wholly of a public nature and their creation a matter of public convenience and governmental necessity. The reason for the application being the same, it is

difficult to understand why this rule does not apply and should not be enforced as to incorporated towns and cities in respect to streets. For, like counties, they are a part of the machinery of the State, and are its auxilliaries in the important business of municipal rule and internal administration, and their functions are almost wholly of a public nature. Like counties, their functions, rights and privileges, are under the control of the Legislature, and may be changed, modified or repealed, as a general rule, as the exigencies of the public service or the public welfare may demand. Like counties, they can sustain no right or privilege, or their existence, upon anything like a contract between them and the State, because there is not and cannot be any reciprocity of stipulation, and their objects and duties are wholly incompatible with everything of the nature of a compact. The duty of keeping in repair the public highways in their respective limits is imposed on both for the benefit of the public, without any consideration or emolument received by either. Before the incorporation of the town or city the county was charged with the duty of keeping its highways in repair. When the town or city becomes incorporated that duty is transferred to the town or city, from one governmental agency to another. The object, purpose, reason and character of the duty are the same in both cases. This being true, there can be no reason why the town or city shall be any more liable to a private action for neglect to perform this duty than the county previously was, unless the statute transferring the duty clearly manifests an intention in the Legislature to impose this liability.

As said by Mr. Justice McIvor, in delivering the opinion of the court in *Young v. City Council of Charleston, 20 S. C., 119:* "We find it not only difficult, but absolutely impossible to perceive any good reason why a person, who sustains an injury by reason of a defect in a highway just beyond the corporate limits of a city or town, has no right of action against the

public authorities charged with the duty of keeping such highway in repair, while such person would have a right of action if the injury he sustained had been received within the corporate limits of such city or town.

"The duty of establishing and keeping in repair the public highways, whether within or without the corporate limits of a city or town, is a public duty, and whether such duty is imposed upon one set of public officers or another cannot make any difference in this respect. The character of the duty imposed in both cases is the same, the result to the injured party of a failure to perform such duty is the same, and we are unable to see why the liability should not be the same. The public generally, as well as individuals composing the public, have the same and perhaps a greater interest in having the public highways outside, as well as those within the limits of incorporated cities or towns, kept in good repair; for if an injury should be sustained in a remote or unfrequented part of the public highway, the consequence might be much more serious than if the same injury was sustained within the corporate limits of a city or town where relief could be readily obtained."

TOWNS AND CITIES:
Duty to repair streets: Liability for damages.

We think the streets of a town or city, like all other roads, are public highways; that the duty of keeping them in repair is a duty to the public, not to private individuals; and that no civil action arises from an injury resulting from a neglect to keep them in repair. In the absence of a statute there is no difference between the liability of an incorporated town or city and a county in such cases. Such a distinction would be contrary to every principle of fairness, reason and justice. We are sustained in our view by the following among other authorities: *Hill v. Boston, 122 Mass., 357; Detroit v. Blakely, 21 Mich., 106; Young v. Charleston, 20 S. C., 116; Navasota v. Pearce, 46 Texas, 525; Pray v. Jersey City, 32 N. J., 394; Winbigler v. Los Angeles, 45 Cal., 36; Oliver v. Worcester, 102*

Mass., 499; Mower v. Leicester, 9 Mass., 250; Mitchell v. Rockland, 52 Me., 123; Hyde v. Jamaica, 27 Vt., 443; Detroit v. Putnam, 45 Mich., 265; French v. City of Boston, 129 Mass., 592. In the first four cases named the question is so fully and ably discussed, and the English and American authorities so fully and satisfactorily reviewed, that it would be a work of supererogation to attempt to add to what is there said.

The judgment of the court below must, therefore, be reversed and the cause remanded with directions to sustain appellant's demurrer to the complaint, and for further proceedings.