## FORT SMITH V. YORK.

MUNICIPAL CORPORATIONS: *Failure to repair streets: Liability, etc.*

Under the statute [*Mansf. Dig., sec. 737*] the duty of a municipal corporation to repair a street is no greater than its duty to put the street in good condition originally. Both are duties which the corporation owes to the public, but it is not liable to an individual for an injury resulting from a failure to perform either. [*Arkadelphia v. Windham, 49 Ark., 139, approved.*]

APPEAL from *Sebastian* Circuit Court, Greenwood District

JOHN S. LITTLE, Judge.

*C. M. Cooke*, for appellant.

In the absence of a statute, municipal corporations are not liable for failure to repair defects in streets and sidewalks. *21 Mich., 118; 122 Mass., 344; 26 Am. Rep., 279; 6 Am. & Eng. Corp. Cases, 54, 568; 45 Cal., 36; 32 N. J., 394; 6 Nev., 90; 102 Mass., 489; 49 Ark., 139, and cases cited.*

Reviews the decisions, English and American, and contends that *Arkadelphia v. Windham, 49 Ark., 139,* is sustained by reason and the weight of authority, citing numerous authorities.

*E. E. Bryant* and *Sanders & Watkins*, for appellees.

1. This case is distinguishable from *49 Ark., 139.*

2. If not, the doctrine announced therein is erroneous, and it should be overruled. *47 Ark., 359.*

Twenty-four State courts, the United States courts, the English authorities, and *all* text writers, affirm the liability of municipal corporations for non-feasance, without a statute expressly giving the remedy. On the contrary, only five States deny the liability, citing the authorities : *91 U. S., 540; 99 U. S., 660; 4 Wall, 194; 14 Fed. Rep., 567; 7 A. & E. Corp. Cases, 52; 72 Ala., 411; 4 A & E. Corp. Cases, 568; 3 Am. St. Rep., 594; 19 N. W. Rep., 414; 5 Houst. (Del.), 531; 37 Conn., 475; 19 Flor., 106; 76 Ga., 585; 105 Ill., 554; 77 Ind., 29; 32 Iowa, 324; 2 Pac. Rep., 685; 11 Bush., 550; 20 Md., 468; 30 La. An., 220; 14 Gray, 543; 21 Minn., 65; 54 Miss., 391; 89 Mo., 208; 15 A. & E. Corp. Cas., 222; 108 N. Y., 301; 4 Am. St. Rep., 453; 55 N. H., 130; 77 N. C., 229; 41 Oh. St., 149; 9 N. E. Rep., 226; 77 Penn. St., 313; 9 Humph. (Tenn.), 757; 62 Tex., 162; 9 S. W. Rep., 884; 3 Utah, 63; 31 Gratt., 271; 2 S. E. Rep., 727; 19 W. Va., 324; 41 Wisc., 647; 5 Bing., 91; Cowp., 86; 4 Best & S., 361; 5 id., 743; 13 Iowa, 183; 2 Thomps. Neg., pp. 753, 735, note 11; Cooley on Torts, 625; Cooley Const. Lim., 248; 1 Sh. & Redf. Neg., 288-9, 268, n. 2; 2 Dillon Mun. Corp. (3d ed.), secs. 961, 965, 966, 967, 980, 983, 996, 997, 998, 999, 1014, 1017, 1018, 1022, 1023; Morrill City Neg., 72, 61, 34; 63 Am. Dec., 357, and note; Wharton Neg., 956, 959; Bishop Non. Cont. Law, secs 748, 750, 755, 756, 757 and note 4,* and many others.

HEMINGWAY, J. This is an action by the appellees, as next of kin of N. H. York, to recover of the appellant, damages for an injury to him, resulting in his death.

The appellant had constructed a culvert in one of its streets; after its construction a hole was made in its covering, into which the deceased stepped, thereby receiving the injury. It is conceded that the culvert was constructed with care and skill, but claimed that the appellant was negligent in not repairing it.

The appellant contends that the facts alleged constitute no cause of action against it, and relies upon the decision of this

court in the case of *Arkadelphia v. Windham, 49 Ark., 139,*
as conclusive of its contention.

The contention of the appellee is: First: That the facts
of this case do not bring it within the rule announced in that
decision. Second: That if this case comes within the rule
controlling the case referred to, its holdings were erroneous,
and it should be reconsidered and overruled. In the con-
sideration of the questions presented, the court has been
greatly aided by the labors of counsel upon either side, which
we cheerfully commend for thoroughness of research, and
clearness and accuracy in the analysis of adjudged cases.

In attempting to distinguish the facts of this case from
those considered in the case referred to, it is contended that,
as the injury complained of in this case resulted from a failure
to repair a street fallen out of repair, while the injury com-
plained of in that case was occasioned by a failure to put
a street in good condition, the cases should be governed
by different rules. This distinction is not sustained by the au-
thorities upon which the court relied in that case, but is
opposed to their reasoning.

MUNICIPAL CORPORA-TIONS: Failure to repair streets: Liability for.

That it is a duty owing by municipal corporations to the
public, to make good streets and to repair defects in them as
they occur, is plain. *Mans. Dig., sec. 737.* But an inspection
of the statute discloses that the measure of the duty to repair
a street fallen out of repair, is not greater than, but the same
as the duty to put it in good condition originally. We have
carefully examined the cases relied upon to maintain the dis-
dinction. Most of them, we think, fail to do it; one was sub-
sequently overruled by the learned Judge who delivered it,
and another, in its reasoning antagonizes principles sustained
by undoubted authority and approved by this court.

We cannot distinguish the cases.

The question then involved, is one upon which the earlier
authorities agree in sustaining the views heretofore taken by
this court. If later authorities sustain the contrary view, they

have done no more than effect a division, and it cannot be claimed safely that the weight, as respects numbers or learning, is against the views first taken. The former decision of this court was made after a careful and exhaustive examination of adjudged cases. It would be unwise to reconsider the conclusion there reached, unless we were clearly satisfied that it was wrong in principle and mischievous in its operation. We do not reach that conclusion.

The judgment is reversed and the cause remanded for further proceeding according to law.