COLLIER *v.* FORT SMITH.

Opinion delivered December 24, 1904.

> MUNICIPAL CORPORATION—LIABILITY FOR NON-REPAIR OF STREET.—A complaint which alleges that defendant city placed an obstruction in a street without display of danger signals, and suffered it to so remain at night, and that plaintiff, without negligence, by reason thereof, was dehorsed and received injury, fails to state a cause of action. *Arkadelphia* v. *Windham,* 49 Ark. 139, followed.

Appeal from Sebastian Circuit Court.

STYLES T. ROWE, Judge.

Affirmed.

*Winchester & Martin,* for appellant.

A city is liable in damages for injuries occasioned by a negligent obstruction in its streets. 9 Am. & Eng. Enc. Law, 378, note 1; 2 Dill, Mun. Corp. § 1024, note 1; 122 Mass. 344. The cases in 49 Ark. 139 and 52 Ark. 84 are not applicable to the case at bar.

*F. M. Jamison, City Attorney,* for appellee.

McCULLOCH, J. Appellant, Collier, sued the city of Fort Smith alleging that the city by its servants placed an obstruction in the nature of a barricade across one of the public streets which was open to the public, and suffered the same to so remain over night without display of danger signals or other warning to the public, and while traveling that way plaintiff, without fault or negligence and by reason of such obstruction, was thrown from his horse and received great bodily injury and suffered damage, for which he prayed judgment. The court sustained a demurrer to the complaint and dismissed the suit, the plaintiff having declined to amend or plead further.

Is the city liable in damages for the negligence of its officers and servants in this respect?

It is settled by the decisions of this court that a city is not liable for nonfeasance in failing to put the streets in repair (*Arkadelphia* v. *Windham,* 49 Ark. 139) or in failing to keep them in repair (*Fort Smith* v. *York,* 52 Ark. 84). Those cases hold that from a duty owing by a municipality to the public to put the streets in repair and to keep them in repair liability to an individual for damages suffered specially will not be implied, in the absence of a statute making it liable. This court, however, held in *Mayor of Helena* v. *Thompson,* 29 Ark. 569, that the city was liable for damages caused by raising the grade of a street which changed the natural channel of a stream, and in failing to construct ditches and culverts of sufficient capacity to carry off the water thus diverted, thereby flooding the plaintiff's land. There is no necessary conflict between the earlier case (29 Ark.) holding the city liable for misfeasance of its officers and servants and the two later cases (49 Ark. and 52 Ark.) holding that cities and towns are not liable for nonfeasance. This distinction is not without reason, for, in the absence of a statute expressly imposing liability to individuals for nonperformance of a duty to the public, none will be implied, though liability might be implied from the commission of a positive wrong whereby an individual suffers injury. Nor is this distinction without high authority to support it. 2 Dill. Mun. Corp. § 1024; Elliott on Roads, § 612, and cases there cited.

Though the facts are different, the reasoning upon which the court reached a conclusion in *Arkadelphia* v. *Windham, supra,* undoubtedly leads to a conclusion against the liability of a municipality upon the facts in the case at bar. Mr. Justice BATTLE, speaking for the court, after showing the unanimity with which all the authorities hold that no action can be maintained against counties, unless authorized by statute, for negligence in keeping highways in repair, says: "The duty of keeping in repair the public highways in their respective limits is imposed on both [counties and municipal corporations] for the benefit of the public, without any consideration or emolument received by either. Before the incorporation of the town or city, the county was charged with the duty of keeping its highways in repair. When the town or city becomes

incorporated, that duty is transferred to the town or city, from one governmental agency to another. The object, purpose, reason, and character of the duty are the same in both cases. This being true, there can be no reason why the town or city shall be any more liable to a private action for neglect to perform this duty than the county previously was, unless the statute transferring the duty clearly manifests an intention in the Legislature to impose this liability."

It is not to be denied that there is authority in abundance for holding that there is an implied liability on the part of cities and towns for damages for negligent failure to repair the streets, and it is not free from doubt as to where the weight of authority rests. And we can conceive of a state of facts, such as existed in the case of *Mayor of Helena* v. *Thompson, supra,* where, in direct consequence of some positive act of the officer or agent of the corporation in the discharge of a public duty, an individual sustains injury to his property, and the municipality should and would be held liable to respond in damages as compensation for such injury, consistent with the ruling and reasoning in *Arkadelphia* v. *Windham, supra;* but we think that that case and the case of *Fort Smith* v. *York, supra,* following it, establish fully the policy of this court in holding that there is no liability on the part of cities and towns for the negligence of its officers or agents in the performance of duties purely public and governmental in their nature.

In this case, according to the facts alleged in the complaint, a public duty was being discharged by the city acting through its servants, in repairing a public highway, and the injury is alleged to have occurred in consequence of the neglect of such servants to display danger signals or warnings for the benefit of travelers. We see no more reason, upon principle, for holding the city liable for negligence of its servants in that regard than for negligence in leaving a street out of repair, or in suffering it to fall into disrepair. In either event the negligent act is the cause of the injury, and the same rule as to liability should prevail.

It is unnecessary to ascertain where the weight of authority rests on this particular question, but it is sufficient to say that this view is not without authority to support it, and, having been established by this court in repeated decisions, we will leave it

S C—15

for legislative change if a contrary state of law is desired. *Chope* v.. *Eureka,* 78 Cal. 588; *Winbigler* v. *Los Angeles,* 45 Cal. 36; *Hill* v. *Boston,* 122 Mass. 344; *French* v. *Boston,* 129 Mass. 592; *Young* v. *City of Charleston,* 20 S. C. 116; *Parks* v. *Greenville,* 44 S. C. 168; *Pray* v. *Jersey City,* 32 N. J. L. 394; *Detroit* v. *Blackeby* 21 Mich..84; *Roberts* v. *Detroit,* 102 Mich. 64; *Detroit* v. *Osborne,* 135 U. S. 492; *Hewison* v. *New Haven,* 37 Conn. 475; *Wilkins* v. *Rutland,* 61 Vt. 336; *Bates* v. *Rutland,* 62 Vt. 178.

A well-defined distinction is found in the authorities between act and duties of a municipal corporation which are strictly public and governmental in their nature and those of a private or *quasi* private nature. This is properly defined, and the rule well stated, in the note to *Goddard* v. *Inhabitants of Hartwell,* 30 Am. St. Rep. 376, as follows: "These corporations are regarded, with reference to some of their duties and functions, as representing and acting for the State or sovereign, and with reference to others, as acting for themselves somewhat as a private corporation, and, generally, when acting in the former capacity they are not answerable for the acts or omissions of their officers or agents, while when acting in the latter capacity their liability is ordinarily the same as that of a private person or corporation. The great difficulty and the great divergence of judicial opinion, arise from the fact that no test has been formulated by which to decide with unerring accuracy whether a particular act or omission occurred in the discharge of governmental or *quasi* private duties." See also *Wright* v. *Augusta,* 78 Ga. 241; *Wilkins* v. *Rutland, supra;* 20 Am. & Eng. Enc. Law. p. 1191; 2 Dill. Mun. Corp. § 998.

The decisions of this court before cited have classified the management and control of highways by municipal corporations as the exercise of its functions as a governmental agency, and not in any sense of a private or *quasi* private nature.

It follows that the complaint stated no cause of action against the city, and the demurrer was properly sustained.

Affirmed.

RIDDICK, J., concurs in the judgment only; WOOD, J., dissents.