BIRCHFIELD v. DIEHL.

Opinion delivered November 20, 1916.

1. MUNICIPAL CORPORATIONS—CONSTRUCTION OF SIDEWALK—LIABILITY FOR PERSONAL INJURIES.—A municipal corporation will not be liable in damages for an injury to a pedestrian who fell from a sidewalk, which was constructed at a level higher than the adjacent property.

2. TORTS—PERSONAL INJURY—FALLING FROM SIDEWALK—NEGLIGENCE. Defendant constructed a concrete sidewalk in accordance with the directions of the city, said construction having the walk somewhat higher than his adjoining property. Plaintiff fell from the sidewalk onto defendant's property and was injured. Held, the defendant was not liable in damages for the injury.

Appeal from Carroll Circuit Court, Western District; J. S. Maples, Judge; affirmed.

Charles D. James, for appellant.

1. The city is not liable. 27 Ark. 572; 34 Id. 105; 49 Id. 139; 52 Id. 84. But the appellee is liable. 51 Ark. 491; 63 Id. 65, 76-7; 46 Id. 209; Wood on Nuisances, vol. 1 (3 ed.), § 271, p. 343; Elliott on Roads and Streets (2 ed.), § 711, p. 771-773, § 713; 29 Cyc. 467, note 47; 106 A. S. R. 361; 16 Pa. St. 463; 68 N. Y. 283; 120 N. Y. S. 768; 65 S. E. 1051; 107 Pac. 863; 134 Id. 869; 36 N. W. 561; 115 Am. St. 993; 178 Mass. 566; 60 N. E. 382; 182 Pa. St. 82; 37 Atl. 995; 25 N. Y. Supp. 246. It was error to sustain the demurrer.

Festus O. Butt, for appellee.

Neither the city nor appellee was liable. There was no breach of any legal duty owing to appellant. 19

Johns. 385; 3 Hill, 38; 10 Exch., 3 C. L. Rep. 417; 2 Best & S. 770; 31 L. J. Q. B. 212; 8 Jur. (N. S.) 221; 6 L. T. (N. S.) 711; 9 C. B. 392; 49 Ark. 209; 73 Ark. 448; 59 *Id.* 494; 87 *Id.* 85; 149 Pa. 40; 189 *Id.* 253; 106 Mass. 278; 96 Misc. 546; 99 *Id.* 361; 119 Mich. 680; 81 *Id.* 536; 209 Pa. 240; 28 Cyc. 1438.

SMITH, J. Appellant was the plaintiff in the court below, and in his complaint alleged that on or about January 15, 1915, appellee was the owner and in the possession of certain lots situated at the corner of Owen and Spring streets in the city of Eureka Springs. That prior to said date the city of Eureka Springs had ordered sidewalks to be placed along and in front of the said lots, and that said sidewalks were required to be placed on the grade as established by said city in front of said lots.

The complaint further alleged that appellee had constructed the sidewalk to conform to the grade established by the city, in doing which the walk was necessarily placed from three to five and one-half feet higher than the lots it fronted, and appellee thereafter failed to fill in said lots to the level of the sidewalk, and had also failed to put a guard railing or balustrade on the inside of the walk so as to protect pedestrians from falling from said walk onto said lots, and because of this failure it was alleged that appellant had slipped on said walk, and, before he could recover his balance, had fallen from the walk over on appellee's lots, and thereby sustained the injuries to compensate which this suit was brought; and that the dangerous condition of the walk was known to appellee, or could have been known to him had he exercised the care and caution a reasonably prudent man should have exercised under similar circumstances; and that appellant was himself free from any negligence causing or contributing to his injury.

A demurrer to this complaint was sustained, and this appeal questions the correctness of that action.

The essence of the complaint is that the injury was caused by the failure and negligence of appellee in failing to fill in said lots up to the level of said sidewalk,

and because appellee had carelessly and negligently failed to place a guard along and on the inside of said sidewalk next to said lots so as to protect pedestrians from the danger incident to falling from the walk. Was appellee under this legal duty? If he was not, then no liability can be predicated upon his failure to do the things which it was alleged he had failed to do.

The statute confers upon the city the power to compel the owner of property to construct sidewalks, and to establish a grade line in their construction, to which the owner must conform. There is no allegation here of defective construction of the walk, nor that appellee had done anything to his lots which made the premises dangerous. The allegation is that the premises became dangerous by the construction of the walk, and the failure to erect balustrades. But the walk was constructed in obedience to the ordinance of the city and in accordance with its plans, and appellee not only had no option in yielding obedience to this ordinance, but his non-compliance therewith would have subjected him to the payment of a fine. Sections 5648 and 5542, Kirby's Digest.

(1) Had the city itself constructed this walk, it would not have been liable to appellant for his injury, because the cities of this State are not liable for such damages. *Arkadelphia* v. *Windham*, 49 Ark. 139; *Granger* v. *Pulaski County*, 26 Ark. 37; *Collier* v. *Fort Smith*, 73 Ark. 447; *Gray* v. *Batesville*, 74 Ark. 519; *Fort Smith* v. *York*, 52 Ark. 84.

(2) Nor can one be held liable who obeys the city's mandate and does an act which the city may require and for which it would not be liable had the act been done by itself.

Here the owner did nothing to his lot to change its condition, and it was in obedience to a valid exercise of the police power of the city that he constructed the walk. The primary duty to construct sidewalks rests upon the city, but, in the exercise of its authority, it shifted that burden to the property owner, and this added burden was discharged when the property owner

complied with the ordinance. *Brizzolara* v. *Fort Smith,* .87 Ark. 92; *Little Rock* v. *Fitzgerald,* 59 Ark. 494.

To constitute actionable negligence, there must be a breach of some legal duty which results in injury to the person to whom that duty is owing, and as the complaint does not charge appellee with such negligence, the demurrer to the complaint was properly sustained, and the judgment is affirmed.

. ·HUMPHREYS, J., not participating.