HOLT *v.* TEXARKANA.

Opinion delivered May 11, 1925.

1. MUNICIPAL CORPORATIONS—DUTY TO REPAIR STREETS OR BRIDGES.— Municipal corporations at common law are not required to repair highways, streets or bridges.

2. BRIDGES—LIABILITY OF CITY FOR NEGLIGENCE IN REPAIRING.—A city is not liable to an individual for injuries resulting from its negligence in maintaining a bridge within its limits, as required by Crawford & Moses' Digest, § 7607.

Appeal from Miller Circuit Court; *J. H. McCollum,* Judge; affirmed.

STATEMENT OF FACTS.

Delia Holt, a minor, by her next friend and mother, Mrs. Delia Holt, in this action seeks to recover damages against the city of Texarkana, Arkansas, for injuries alleged to have been sustained by said minor in consequence of the want of proper repairs to a bridge or viaduct of the city.

It appears from the complaint that Texarkana is a city of the first class, and the railroad of the St. Louis, Iron Mountain and Southern Railroad Company extends through the corporate limits of the city. The Legislature of 1907 passed an act to require said railroad company to build a bridge or viaduct where its right-of-way is crossed by College Street, in the city of Texarkana, Arkansas. The act provides that the railroad company shall pay one-half of the cost of said bridge or viaduct, and the other half shall be paid by the city. It further provides that, after the bridge or viaduct is completed, the rail-

road company shall be under no obligation to maintain it, but that it shall thereafter be maintained by the city of Texarkana, Arkansas. Acts of 1907, p. 606.

The city of Texarkana allowed the floor of said overhead bridge or viaduct to become out of repair, and a plank in the floor of the bridge to be moved and displaced. On the 2nd day of December, 1921, Delia Holt, a little girl eight years of age, while on her way to school, attempted to walk across said bridge on the part of it usually traveled by pedestrians, and fell through said open place in the bridge floor and thereby received severe and permanent personal injuries.

The court sustained a demurrer to the complaint, and the plaintiff refused to plead further. Thereupon judgment was rendered for the defendant, and the plaintiff has duly prosecuted an appeal to this court.

*J. M. Carter* and *B. E. Carter,* for appellant.

*James D. Head,* for appellee.

HART, J., (after stating the facts). The plaintiff in this action seeks to recover damages against the city of Texarkana for injuries alleged to have been sustained in consequence of the want of proper repairs to a viaduct of the city. The complaint alleges that it was the duty of the city to keep the viaduct in proper repair, and that the plaintiff's injuries were caused because the viaduct was out of repair and dangerous for travel.

In this State it is the settled law that there is no common-law liability resting upon *quasi* corporations, such as counties and municipalities, to repair highways, streets or bridges within their limits, and they are not obliged to do so unless by force of statute. It is true that the special act for the construction of the viaduct in question provides for its maintenance by the city of Texarkana after it has been constructed by the railroad company. Our general statute, however, provides that the city council shall have the care, supervision and control of all the public highways, bridges and streets within the city, and shall cause the same to be kept open and in

repair and free from nuisance.   Crawford & Moses'
Digest, § 7607.

This section is a part of the act of March 9, 1875.
The negligence of the defendant in the performance of
this public duty is the basis of the right of action in
cases of this sort.   It has been settled by a long train
of decisions in this State that such an action is not
maintainable.   The decisions of this court have classified
the management and control of streets and highways by
municipal corporations as the exercise of its functions
as a governmental agency, and, for this reason, no civil
action may arise for an injury resulting from the
neglect to keep them in repair.   *Arkadelphia* v. *Windham*,
49 Ark. 139; *Fort Smith* v. *York*, 52 Ark. 84; *Collier* v.
*Fort Smith*, 73 Ark. 447, and *Gray* v. *Batesville*, 74 Ark.
519.

As sustaining the same principle, see *Fordyce* v.
*Woman's Christian Nat'l Lib. Assn.*, 79 Ark. 550;
*Franks* v. *Holly Grove*, 93 Ark. 250; *Gregg* v. *Hatcher*,
94 Ark. 54; *Dickerson* v. *Okolona*, 98 Ark. 206; and
*Birchfield* v. *Diehl*, 126 Ark. 115.

The same rule has also been applied to improvement
districts.   *Wood* v. *Drainage District No. 2, Conway
County*, 110 Ark. 416; *Board of Improvement of Sewer
District No. 2* v. *Moreland*, 94 Ark. 380; and *Jones* v.
*Sewer Imp. Dist. No. 3 of Rogers*, 119 Ark. 166.

It is true that there is great conflict in the author-
ities on this question, but the question has been very
fully and carefully considered by different sets of judges
of this court.   The opinions have been deliberately formed
and expressed after recognizing the conflict in the
authorities.   No useful purpose could be served by again
taking up and reviewing the decisions upon the ques-
tion.   For many years the law has been considered
definitely settled in this State.   Therefore it will require
legislative action to create any liability against a
town or municipal corporation to a private indi-

vidual for negligence in maintaining its streets, highways or bridges. Whether such liability should be created has been well said to be a legislative question of importance and some nicety.

It follows that the judgment of the court was correct, and it will be affirmed.