BALDWIN ET AL., TRUSTEES MISSOURI PACIFIC RAILROAD COMPANY *v.* COMPTON.

4-4248

Opinion delivered March 30, 1936.

*Thomas B. Pryor* and *W. L. Curtis*, for appellants.

*Partain & Agee,* for appellees.

MEHAFFY, J. Each of the appellees filed suit in the Crawford Circuit Court on June 6, 1934, against the appellants for damages alleged to have been caused by the negligence of appellants. The trial court consolidated the cases, and they were tried together before the same jury. Appellees alleged in their complaints that the appellants carelessly and negligently took up the tracks crossing the street and highway, which was a main traveled thoroughfare at the point where the Ft. Smith Suburban Railway line crosses same, and dug and created and left an excavation approximately three feet in depth, in and across said street and highways, and carelessly and negli-

gently left same in the night time without any barricade, warning or protection, or light, or signal or warning of any kind whatever of the dangerous condition and situation so carelessly and negligently created by appellants, their servants, agents and employees, and carelessly and negligently failed to make any provision whatever for protection or warning to the public traveling thereon of such dangerous situations so created and left by them; that at about 1:30 A. M., on April 18, 1934, one of the appellees, James W. Cleveland, was driving an automobile belonging to appellee, Wiles Compton, along Midland Boulevard and Highways 64 and 71, going in a southerly direction. All of the appellees were in the automobile, and when it reached the excavation across the street and highway, the automobile was, by the above acts of appellants, their servants, agents and employees, caused to fall into said excavation and wreck said automobile, and the occupants of the car, the appellees, were thrown with great violence in and about said car, and severely injured. Each appellee describes the injuries alleged to have been received, and each asked for damages in different amounts.

The appellants filed separate answers denying the allegations in the complaints. The jury returned its verdict against the appellants in favor of the appellees as follows: Wiles Compton, $500; Ralph Vest, $500; Doris Vest, $2,500; Libbie Sue Compton, $2,500; James W. Cleveland, $2,500. Judgments were entered accordingly. Motion for new trial was filed by appellants, overruled by the court, and the case is here on appeal.

The evidence introduced by the appellees tended to establish the following facts: that James W. Cleveland is 38 years old, has lived in Crawford county all his life except in recent years, he was away quite a while in the army, but his home has always been in Van Buren; that at the time of his injury in April, 1934, he was working at a service station in Ft. Smith; between 1:30 and 2:00 o'clock in the morning he was driving between Ft. Smith and Van Buren on the highway and was injured. The other parties in the automobile came by the filling

station where Cleveland worked about 10 o'clock and he went with them. They went to a dance and stayed until about twelve o'clock, and Mr. Compton went home. After the dance broke up the other appellees got in the car and decided to ride around awhile and went to a sandwich shop where Cleveland drank a glass of beer and the others had Coca-Colas. Cleveland testified that the highway between Ft. Smith and Van Buren was under repair, but at that time, when he went over on the bus, it was clear all the way through. He had gone through that morning. When they got near the excavation they saw an embankment, or bank of dirt, and Cleveland applied the brakes, and had ample time to stop the car before it reached the bank of dirt, but the bank was on the opposite side of the excavation, and, according to all of the evidence of appellees' witnesses, there was no barricade, no flags and no light, and they could not see the excavation, did not know it was there, and the car plunged into it and they were thereby injured. This evidence is contradicted by the witnesses of appellants who say that there was a barricade, and were some lights.

The evidence shows that the excavation was made some time during the day before the accident occurred that night. Appellees knew that work was being done on the street, but they did not know that any work was being done at the crossing where the accident occurred.

Appellants' first contention is that the evidence is insufficient to support the verdict. It is not contended that there is no substantial evidence to support the verdict, but it is contended that the testimony of appellants' witnesses showed that there had been a barricade placed across the street upon which there was a red flag and lantern, and that the barricade and lantern were there as late as 1 o'clock, some thirty minutes prior to the accident, and it is argued that the testimony of the witnesses for appellees is not worthy of belief.

It is the established rule of this court that, if there is any substantial evidence to support the verdict of the jury, the verdict of the jury as to its finding of facts is conclusive here. ''This court has no power to vacate a

verdict of the jury or the judgment based thereon on the weight of the evidence, but we are obliged on appeal to view the evidence in the light most favorable to the appellee, giving to it every reasonable inference in support of the verdict, and however much we may think the evidence preponderates against the finding of the jury, we may not interfere. This court has repeatedly pointed out that this is a duty and power resting solely with the trial judge to be exercised whenever, in his opinion, the verdict is against the clear preponderance of the evidence, and on that question his judgment is conclusive if there is any substantial conflict therein." *American Co. of Arkansas v. Baker,* 187 Ark. 492, 60 S. W. (2d) 572; *General Talking Pictures Corp.* v. *Shea,* 187 Ark. 568, 61 S. W. (2d) 430; *Petty* v. *Ozark Grocer Co.,* 187 Ark. 595, 61 S. W. (2d) 60; *Hough* v. *Leech,* 187 Ark. 719, 62 S. W. (2d) 14.

Appellants' next contention is that the verdicts as to each of said cases are excessive and appear to have been the result of bias and prejudice. Appellees James W. Cleveland, Libbie Sue Compton and Doris Vest each obtained a judgment for $2,500. There is, we think, ample evidence of injuries to these three parties to sustain the verdict rendered in their favor. Wiles Compton and Ralph Vest received judgments of $500 each. We think the evidence is sufficient to justify these verdicts. Doris Vest, Libbie Sue Compton and James W. Cleveland all testified to serious and painful injuries, and there is nothing in the record tending to show either bias or prejudice.

It is next contended that the court erred in refusing to give instruction No. 1 requested by appellants. This instruction reads as follows: "You are instructed that under the law and the testimony the plaintiffs have failed to make out a case against the defendants, and you are therefore directed to return a verdict for the defendants."

We have already shown that the evidence of the witnesses for appellees, if believed by the jury, was sufficient to sustain the verdict.

Appellants then discuss the instruction given at their request, which instruction contained certain portions of the traffic rules of the city of Ft. Smith, and it is urged by the appellants that, because they complied with the traffic rules and because, as they contend, it was primarily the duty of the city of Ft. Smith to construct or reconstruct the street, that they are not liable. They call attention to *Collier* v. *Ft. Smith,* 73 Ark. 447, 84 S. W. 480. This case is cited and relied on as holding that the city is not liable. It would, however, make no difference whether the city was liable or not if the negligent act or wrongful conduct of appellants caused the injury to appellees while appellees were in the exercise of ordinary care for their own safety. The court in that case discussed the duties and functions of municipal corporations with reference to such duties and functions when representing and acting for the state or sovereign, and with reference to others as acting for themselves somewhat as a private corporation, and the court said: "When acting in the former capacity they are not answerable for the acts or omissions of their officers or agents, while when acting in the latter capacity their liability is ordinarily the same as that of a private person or corporation. The great difficulty and the great divergence of judicial opinion arise from the fact that no test has been formulated by which to decide with unerring accuracy whether a particular act or omission occurred in the discharge of governmental or *quasi* private duties."

At the time this opinion was handed down there were five members of this court. One of the justices concurred in the judgment only, and another justice dissented. Since that decision, this court has held contrary to appellants' contention, one of the most recent cases being *Missouri Pac. Rd. Co.* v. *Riley,* 185 Ark. 699, 49 S. W. (2d) 397. This court in that case said: "The appellant argues that, because its line of railroad and the excavation were lawfully made on due authority from the city of Hot Springs, therefore there was no obligation on its part to warn of the existence of the excavation, but that this was the duty of the city. This contention is unsound.

In *Strange* v. *Bodcaw Lbr. Co.*, 79 Ark. 490, 96 S. W. 152, a drain over a highway crossing was dammed by the permission of the county judge, so that a pond was formed on each side of the highway into which drain a horse fell and was drowned. The case was defended on the ground, among others, that the pond was made under rightful authority, and that to protect travelers on the highway the defendant would be obliged to enter on the same to erect protecting barriers, which it had no authority to do. In dismissing this contention the court said: 'The fact that the pond was put there by permission of the county judge does not alter the case, for the permission of the county judge cannot authorize acts dangerous to the public, or relieve the defendant from the consequences of its own negligence.' " The court in the case of *Railway* v. *Riley, supra,* further said: "This position taken by the appellant that it was the duty of the city authorities to safeguard the highway, and its failure to do so exonerates the appellant, is not tenable." Every contention made by appellants with reference to the city of Ft. Smith is decided in the last case cited, adversely to appellants' contention.

Appellants' next contention is that the court erred in giving instruction No. 3 requested by appellees. That instruction reads as follows: "You are instructed that it was the duty of the defendants after they had dug or caused to be dug an excavation or ditch across the public highway in leaving same for the night to do whatever was practicable and reasonable to avert danger or injury to travelers along the highway, and if barriers, signals, lights or other warnings were reasonably necessary for that purpose and practicable, then it was their duty to construct and maintain them in places needed, if any."

Appellants' objection to this instruction is that it fails to take into account the fact that certain barricades and lights were placed as shown by the testimony, as warning and barriers for the protection of the public travel on the night of the particular accident. It is argued that the language of the instruction is such as to indicate that there had been no protection. We do not think the instruction is subject to this criticism, but the appellants

did not make this objection to the trial court. The objection was general. No specific objection was made. The instruction is not inherently wrong, and no error was committed in giving it.

It is next contended that instruction No. 4, given at the request of appellees, is erroneous because it fails to take into account the rules of law fixing the primary responsibility of the city of Ft. Smith as a matter of law, and leaves it to the speculation of the jury to ignore the traffic rules. There was no specific objection made to this instruction, and the general objection would not be sufficient to raise the question here argued by the appellants. But this court has already decided in the case of *Missouri Pac. Rd. Co. v. Riley, supra,* and other cases, that the primary responsibility of the city of Ft. Smith did not relieve the appellants from negligence resulting in injury to other persons.

Appellants' objection to instructions Nos. 9, 10, 11, and 12 is that they authorized the jury to assess damages not only for physical pain and anguish, but for mental pain and anguish. It was not suggested to the trial court that these instructions were erroneous because they included mental pain and suffering, and there was no error in the court's giving these instructions.

We find no error, and the judgment is affirmed.