## BROWNE *v.* BENTONVILLE.

### Opinion delivered February 28, 1910.

MUNICIPAL CORPORATIONS—DISCRETIONARY POWERS—LIABILITY.—For the negligence of the city council or other agents while performing governmental duties, as in determining whether the necessity exists for extension of water mains to particular territory, and what size is needed, and whether the financial condition of the city will warrant the expenditure, neither the city nor its officers are liable.

Appeal from Benton Chancery Court; *T. Haden Humphreys,* Chancellor; affirmed.

#### STATEMENT BY THE COURT.

The pleadings show that a waterworks improvement district was formed co-extensive with the corporate limits of the city (then town) of Bentonville in 1897. The commissioners of the district had the waterworks system constructed according to certain plans which it adopted, and by which water mains or pipes varying from eight inches to one inch were laid in different portions of the city, and fire plugs were furnished at certain locations. The work was done under a contract at a cost of $25,585.30. Bonds were issued to the amount of $27,000 dollars, and the full net proceeds of these bonds were required to pay for the work done under the contract. The plans and specifications did not call for water mains or pipes to be laid in each street of the city, so as to furnish fire protection to every resident property owner within the city limits.

After the system was completed under the contract, and according to the plans and specifications adopted by the com-

missioners of the district, the incorporated town of Bentonville assumed the duty of operating and maintaining the same under the authority of section 5675, Kirby's Digest. This suit was brought by appellant against appellee and the city council, and among other things appellant asks that the city council be required "to extend a four-inch main to a point within five hundred feet of the residence" of appellant in order that he might have adequate fire protection. After hearing the evidence the court in its decree directed the city of Bentonville to lay a two-inch main opposite the residence of appellant. From this decree appellant prosecutes this appeal, contending that the court should have ordered appellee to lay a four-inch, instead of a two-inch main, and appellee has taken a cross appeal, contending that appellee should not be required to lay any main.

*E. B. Wall,* for appellant.

1. Cities are liable for the negligence of their officers. 19 Fla. 110; 136 U. S. 455; 63 Fed. 303; 96 N. Y. 264; 48 Am. Rep. 622; 30 Am. St. Rep. 403-4. The town assumed the duty of operating the system (Kirby's Dig. § 5675) and is liable for acts of its officers. 91 U. S. 540, 544-5-6; 133 U. S. 156; 44 S. W. 818-19.

2. The city of Bentonville took over all the liabilities of the town. 93 U. S. 268-271; 116 U. S. 300; 167 U. S. 653; 29 Fed. 744; 35 Fed. 33; 74 Fed. 533; 89 Cal. 396; 1 Okla. 202; 124 N. C. 490-2.

*Rice & Dickson,* for appellee.

1. Where there is discretion vested in a body, it has the power not only to vacate an order made by it, but could take up water mains and deprive consumers of the use of water, without liability. 40 L. R. A. 171.

2. A city is not liable for the negligence of its officers. 74 Ark. 519.

3. The duty (or power) to extend water mains is not mandatory but purely ministerial. Kirby's Dig. § § 5321 *et seq.,* 5368, 5718, 5765. Courts will not control, or interfere with, the discretion of governmental agencies. Abbott, Mun. Corp. § § 110, 361, 439, 520, 446, 798; *Ib.* 2229-2272. The performance or nonperformance of discretionary powers creates no liability.

The courts are powerless to interfere. Abbott, Mun. Corp. 2511, 2517; Spelling on Inj., § 687; Dillon, Mun. Corp. (3 ed.), § § 9, 832-6, 949.

WOOD, J., (after stating the facts.)   Section 5675 of Kirby's Digest provides:   "In case of the construction of waterworks * * * by any improvement district, the city council, after such works are constructed, shall have full power and authority to operate and maintain the same, instead of the improvement district commissioners, and said city council may supply water to private consumers, and make and collect uniform charges for such service, and apply the income therefrom to the payment of operating expenses and maintenance of such works."

The maintenance and operation of the waterworks under the above section are governmental functions, in the performance of which the city council must necessarily be invested with judgment and discretion.   Conceding that they have the power, by implication, to make additions and extensions to the system as it was constructed by the commissioners, it is a power to be exercised at the discretion of the council.   The council, for instance, in each case must determine whether the necessity exists for the extension of a main to a particular territory, and what size main is needed, and whether the financial condition of the city will warrant the expenditure.   The city fathers in these matters act in a legislative or governmental capacity for the city, and their discretion, exercised in good faith, can not be controlled by mandatory injunction.   For the negligence of its council or other agents while performing governmental duties, in the absence of a statute so declaring, the city is not liable. *Board of Directors Improvement Sewer Dist. No. 2* v. *Moreland, post* p. 380.

Nor are the officers themselves liable "for the improper exercise of those discretionary powers.   *Gray* v. *Batesville,* 74 Ark. 519, and cases cited.

The law applicable to such cases is well expressed by Mr. Spelling in his work on Injunctions as follows:   "The general rule of noninterference with the exercise of discretionary powers legally conferred applies with exceptional force and appropriateness to municipal bodies having extensive and important trusts of a public character confided to them and being generally

vested with important legislative powers. And it is a well settled equitable doctrine that the domain of discretionary powers conferred upon municipal bodies will in no case be invaded by the courts. This rule is being very strictly adhered to with respect to legislative powers conferred by statute. * * * Nor will courts, when it is found that municipal legislative bodies have acted in good faith and within the scope of the authority conferred upon them, investigate as to the wisdom or expediency of their action, or interfere because in the light of circumstances the court would have acted differently." 2 Spelling, Injunctions, § 687.

The court erred therefore in requiring the appellee to lay a two-inch main opposite the residence of appellant. But, inasmuch as this decree of the court has been already performed by appellee, as is conceded by counsel for both appellant and appellee, neither is prejudiced thereby, and it will be affirmed.