## J. H. Hamlen & Son Co. v. Grant County.

### Opinion delivered February 5, 1917.

1.  ROADS—CUTTING TIMBER ON PRIVATE PROPERTY—LIABILITY OF COUNTY.—A county is not liable in damages for the act of its road overseer in cutting timber from private property, along a road, where no order of the county court directed him to cut the timber.

2.  COUNTY COURTS—JURISDICTION—SUIT AGAINST COUNTY JUDGE AND ROAD OVERSEER.—An action cannot be maintained in the county court against the county judge and road overseer for damages for the wrongful cutting of timber from plaintiff's land by the latter, in the widening of a public road.

Appeal from Grant Circuit Court; *W. H. Evans,* Judge; affirmed.

*W. D. Brouse,* for appellant.

1.   This was a public road by prescription and had been for many years and under section 7258, Kirby's Digest, the overseer had authority to cut any timber necessary, but under sections 7259-60, it would have been necessary, in the absence of consent of owners, to have had the damages appraised, etc.   Elliott, Roads & Streets (3 ed.), § 876; 2 A. & E. Am. Cas. 594, and note.   Trespass was not the only remedy.   6 Pick. (Mass.) 57; 116 Mo. 375; 12 Wend. (N. Y.) 98; 71 Ind. 547; 15 L. R. A. 553, and note; 34 Mich. 86; 88

Am. Rep. 246; 15 A. & E. Enc. Law (2 ed.) 416, 418, 499. The cutting having been done by the overseer in his official capacity and under the general policy of the county judge the county was liable.

2. The court erred in its instructions. Kirby's Digest, § § 2998, 7223-4-5; Acts 1859, February 18, July, 1868, and March 23, 1871. This was a road of the first class. 1 Elliott Roads & Streets (3 ed.), § 193, p. 222; 2 A. & E. Am. Cases, 972, and notes.

3. The proof shows that the trees were cut to benefit the road and the county adopted and ratified the wrongful acts of its agents, and is not exempt from liability for torts. 7 A. & E. Enc. Law (2 ed.), 953, and cases cited; 70 N. W. 6.

*D. D. Glover,* for appellee.

The county was not liable. No order was ever given by the county court or judge to cut the trees. The judge was not personally liable, and if the overseer or judge was liable, suit could not be brought in the county court. This was a first-class county road by prescription and no timber was cut outside of the thirty foot limit. Under our statutes, trees may be cut as obstructions to a public highway, and they can not be opened and drained unless obstructions, like trees, are removed. The timber was not removed or used. There was no liability, at least, in the county court. 102 Ark. 553; 84 *Id.* 29; Act 422, Acts 1911; Kirby's Digest, § 7328.

Smith, J. This suit is based upon an account filed by appellants against Grant county for the value of certain trees cut off of their lands by the overseer of Road District No. 2, along the Sheridan & Jenkins Ferry public road. The timber was cut in 1912, and in December of that year the account was filed with the county court for allowance, and by that court disallowed, whereupon an appeal was duly prosecuted to the circuit court, and before the final submission of the cause there the county judge and the road overseer were made parties defendant. These new defendants

filed demurrers, which were sustained, and the cause dismissed as to them, exceptions being duly saved. Thereupon the cause proceeded to trial against the county, the original defendant, and there was a finding and judgment in favor of the county, and this appeal has been duly prosecuted to reverse that judgment.

The proof tended to show that the road had been used by the public for many years, and had become a public road by prescription, and the timber had been cut in and along this road in widening it to the width of a road of the first class, which this road was said to be. The timber was cut under the direction of the overseer, but there appears to have been no order of the county court directing that action, although the county judge testified that, while he had given no orders with reference to this timber, his general policy was to order the road overseers to cut out and open up the roads to the width prescribed by law to the end that they might dry out. But there was never any order of the court directing the overseer to widen the road or cut the trees.

The demurrer was properly sustained to the complaint against the county judge and overseer. They could not have been sued in the county court, and the circuit court, upon appeal, could only render such judgment as the county court should have rendered. The appeal to the circuit court did not operate to enlarge the jurisdiction. *Price* v. *Madison County Bank*, 90 Ark. 195.

We think the court below properly found that there was no liability against the county. The action of the overseer, if wrongful, constituted a trespass for which the county was not liable in the absence of some order of its court directing that action. *Dickerson* v. *Okolona*, 98 Ark. 206; *Gregg* v. *Hatcher*, 94 Ark. 54; *Browne* v. *City of Bentonville*, 94 Ark. 80.

The judgment of the court below is therefore affirmed.