HOPE *v.* DODSON.

Opinion delivered November 24, 1924.

1. TAXATION—EXEMPTION OF CITY PROPERTY.—Real estate used by a municipality for storing wood to be used in running the engines of its water and light plant is exempt from taxation, under art. 16, § 5, Const. 1874, exempting public property used exclusively for public purposes.

2. TAXATION—PUBLIC PROPERTY.—Where the primary use to which property is put is public, such as a waterworks or electric light plant, the fact that an income is derived from its does not affect its character as property devoted to a public use.

3. TAXATION—EXEMPTION OF PUBLIC PARK.—City property, situated within the corporate limits, used as a public park, for track meets and for keeping the city's work stock, *held* used exclusively for public purposes within the meaning of Const. 1874, art. 16, § 5, and therefore exempt from taxation.

Appeal from Hempstead Chancery Court; *C. E. Johnson,* Chancellor; reversed.

*U. A. Gentry,* for appellant.

HART, J. City of Hope brought this suit in equity against J. M. Dodson, as tax collector of Hempstead County, Arkansas, to enjoin him from collecting taxes on certain real estate owned by the city of Hope, described in the complaint.

It was claimed that the property was exempt from taxation, and the court sustained the exemption as to all the property described in the complaint, except forty acres of land known as the fair-ground property, and block 22. As to this property it was decreed that the complaint should be dismissed for want of equity, and to reverse the decree in this respect the city of Hope has prosecuted this appeal.

John P. Veasey, the mayor of the city of Hope, was the principal witness in the case. According to his testimony, the city of Hope owned forty acres of land situated within its corporate limits, known as the fair-ground property. The property is inclosed by a wire fence, and has on it a racetrack and buildings for exhibits of different kinds of fairs. It has also barns and stables used for keeping stock exhibited at fairs. No fair has been held on the ground since 1917. Since that time the land has been used for the purpose of holding track meets and agricultural exhibits, and as a place for keeping about six head of stock belonging to the city, which are worked on the streets. The city does not charge anything for the track meets and agricultural exhibits held on the property. The city owns its own water and light plant, and uses block 22 as a storage ground for wood used as fuel in its water and light plant. There is also a band-stand in the center of it, and in the summer time it has been used as a band park and for public gatherings of different sorts.

The only question in this case is whether the property above described is liable to taxation.

Our Constitution expressly exempts from taxation public property used exclusively for public purposes. Article 16, § 5, of the Constitution of 1874.

Our statute authorizes municipal corporations to construct or acquire waterworks and works for lighting the streets and other public places by gas, electricity, or otherwise. Crawford & Moses' Digest, §§ 7563-7565, and §§ 4034-4041.

Block 22 is used by the city for storing wood to be used in running the engines of its water and light plant situated on an adjoining block. Thus it will be seen that block 22 is directly connected with and is a part of the water and lighting system of the city. It is generally held that a waterworks system owned and operated by a municipality is public property devoted to a public use, and, as such, entitled to exemption from taxation. *Commonwealth* v. *Covington*, 128 Ky. 36, 14 L. R. A. (N. S.) 1214; 107 S. W. 231; *Augusta* v. *Augusta Water Dist.* 101 Me. 148, 63 Atl. 663; *Wayland* v. *Middlesex County*, 4 Gray (Mass.) 500; *Perth Amboy* v. *Barker*, 74 N. J. L. 127, 65 Atl. 201; *Smith* v. *Nashville*, 88 Tenn. 464, 7 L. R. A. 469; *Rochester* v. *Rush*, 80 N. Y. 302; *West Hartford* v. *Water Commissioners*, 44 Conn. 360; *State* v. *Toledo*, 48 Ohio St. 112; and *Stiles* v. *Newport*, 76 Vt. 154, 56 Atl. 662.

The same rule applies to electric light companies, and, in all cases of this sort where the primary and principal use of which the property is put is public, the mere fact that an income is derived from it does not affect its character as property devoted to public use. *Traverse City* v. *Blair*, 190 Mich. 313, 157 N. W. 81, Ann. Cas. 1918E, p. 81; *Swanton* v. *Highgate*, 81 Vt. 152, 16 L. R. A. (N. S.) 867, and see generally cases cited in 3 A. L. R., p. 1445 *et seq.*

Cities and towns are political corporations, and, under our Constitution, local subdivisions of the State Government, and exist only for public purposes. Hence property held by a municipality in connection with its governmental functions is within the tax exemption clause of our Constitution exempting public property used exclusively for public purposes.

This brings us to a consideration of the forty acres of land known as the fair-ground property. This appeal does not raise the issue of whether or not a city has the authority to purchase ground and erect necessary buildings thereon to be used for holding fairs.

The evidence on this point is that the property has not been used for holding fairs since 1917. According to the testimony of the mayor, the property was used for a fair ground, public park, and a barn for keeping stock used by the city and worked by it exclusively on the streets. He further stated in detail that, at the present time, the property was used by the city for track meets and agricultural exhibits, and, in addition, for the keeping of the stock of the city as above stated.

As we have already seen, our Constitution exempts from taxation public property used exclusively for public purposes. In discussing this provision of the Constitution, in *School District of Fort Smith* v. *Howe*, 62 Ark. 481, Mr. Justice RIDDICK, speaking for the court, said:

"It seems clear that the intention was to exempt only that public property which in itself directly subserved some public purpose by actual use, as distinguished from property belonging to the public but not used by it, and from which a benefit accrues to the public, not by the immediate use thereof by the public, but indirectly through selling or renting the same to private parties."

In *Robinson* v. *Indiana & Arkansas Lumber & Manufacturing Co.*, 128 Ark. 550, the court recognized that, where the primary use to which the property is put is a public one, it is exempt from taxation under our Constitution.

Public parks are essential to the health, comfort and pleasure of the citizens of a city. It is therefore generally held that public parks, maintained at the public's expense, are within the terms of constitutional provisions exempting from taxation public property used for public purposes. 3 McQuillin on Municipal Corporations, §§ 1115, 1154; Dillon on Municipal Corporations, 5 ed., §§ 976, 1096; *Owensboro* v. *Commonwealth ex rel. Stone*

105 Ky. 344, 44 L. R. A. 202; *Laird v. Pittsburgh,* 205 Pa. 1, 61 L. R. A. 332; *People ex rel.* v. *Chicago,* 51 Ill. 17, 2 Am. Rep. 278; and *People ex rel.* v. *Detroit,* 28 Mich. 228, 15 Am. Rep. 202. See also *Norman* v. *Kentucky Board of Managers,* 93 Ky. 537, 18 L. R. A. 556.

The property in question was situated within the corporate limits, and was not used for any purpose of private gain. The idea of a public park in a city is that it is a place of resort of the people generally for recreation and amusement. The evidence shows that the property was used as a public park, and more particularly for track meets. It is fairly inferable, however, that it was used and kept for the recreation of the citizens. The use of it to exhibit the resources and progress of the county was in the nature of a public use which was calcuted and intended to benefit the city. Besides this, the property was used for keeping the stock of the city which were used in working the streets. No element of private gain entered into the use of the property at all, and we are of the opinion that it was used exclusively for public purposes within the meaning of the Constitution, and therefore exempt from taxation. Of course if, at any time in the future, it should be used by the city for the purpose of private gain, it would become subject to taxation.

The result of our views is that the decree must be reversed, and the cause will be remanded with directions to enter a decree in accordance with this opinion.