LITTLE ROCK *v.* HOLLAND.

Opinion delivered October 12, 1931.

*Linwood L. Brickhouse,* for appellant.

*Geo. A. McConnell* and *Graham R. Hall,* for appellee.

McHANEY, J. The only question presented by this appeal is whether the city of Little Rock, in the operation

and maintenance of an electric light plant and distributing system, including necessary poles and wires, for the sole purpose of lighting its streets, alleys, public buildings and grounds, acts in a proprietary, corporate capacity, to which liability for negligence attaches; or whether it acts in its governmental capacity, on which no liability for negligence of its agents or servants may be predicated.

Appellee, an electric lineman in the employ of the city was sent out alone by his superior to remove a pole in the city's electric line. He climbed the pole, after an inspection, to remove the wires therefrom, and, when he had reached the top, it broke because of a rotted condition beneath the surface of the ground, causing him to fall and receive painful and permanent injuries. Negligence was alleged by reason of the failure of his superior to inspect the pole or to warn him of its dangerous condition, in failing to furnish him a safe place to work, and in not sending another to assist him. A demurrer to the complaint was interposed and overruled. A trial resulted in a verdict and a judgment for appellee for $1,000. Is the city liable for the negligence of its agent or officer as alleged in this respect?

It is conceded that the city owns and operates its light plant and distributing system for the sole purpose of lighting its streets, alleys, public buildings, parks and grounds, and that it sells no current to private consumers or otherwise.

At the outset we desire to commend the diligence of counsel for both parties in the preparation of the excellent briefs submitted to us. An exhaustive review of our own decisions touching on the question, as well as a great collection from other jurisdictions, has been made. We find it unnecessary, however, to go beyond our own cases to determine the question involved, as we feel the principle has been well settled by many decisions of this court. We will not undertake to review them all, but only enough of them to show that the principle has been decided.

As early as *Granger* v. *Pulaski County,* 26 Ark. 37, it was held that counties are *quasi* corporations, and that they possess no power and incur no obligations, except conferred or imposed by statute, and that they are not liable, in a private action by the party injured, for the negligence of their officers, unless authorized by statute. At the conclusion of the opinion the court pointed out a distinction between counties and municipalities and rather indicated that had the action been against a municipality, instead of a county, that the municipality would be answerable, and held to a performance of its corporate duties. Granger and wife sought damages for injuries received by reason of a defect in a public highway, a defective bridge. It was denied.

Whatever distinction between liability of counties and cities the court pointed out in the Granger case, *supra,* has been lost sight of by this court in its later decisions. For instance, in *Arkadelphia* v. *Windham,* 49 Ark. 139, 4 S. W. 450, 4 Am. St. Rep. 32, it was held that a municipality is not liable for nonfeasance in failing to put the streets in repair, or in failing to keep them in repair, *Ft. Smith* v. *York,* 52 Ark. 84, 12 S. W. 157, in the absence of a statute imposing such liability. But in the earlier case of *Mayor of Helena* v. *Thompson,* 29 Ark. 569, it was held that the city was liable for the misfeasance of its officers caused by raising the grade of a street, thereby changing the natural channel of a stream, and in failing to provide other means of sufficient capacity to carry off the water so diverted, which flooded Thompson's land. This court, in *Collier* v. *Ft. Smith,* 73 Ark. 447, 84 S. W. 480, 68 L. R. A. 237, pointed out the distinction between the two lines of cases in this language: "There is no necessary conflict between the earlier case (29 Ark.) holding the city liable for misfeasance of its officers and servants and the two later cases (49 Ark. and 52 Ark.) holding that cities and towns are not liable for nonfeasance. This distinction is not without reason, for, in the absence of a statute expressly imposing liability to individuals for nonperformance of a duty to the public, none will be im-

plied, though liability might be implied from the commission of a positive wrong whereby an individual might suffer injury. Nor is this distinction without high authority to support it.'' Citing cases. In the Collier case damages were sought for injuries sustained because of an obstruction placed in one of the public streets of the city and permitted so to remain overnight without displaying a red light or other danger signal, and by reason of which plaintiff was thrown from his horse and injured. A recovery was denied. In that case the court recognized the distinction ''between act and duties of a municipal corporation which are strictly public and governmental in their nature and those of a private or *quasi* private nature.'' It has been generally held that in the former there is no liability, whereas in the latter there is, and it was held that the management and control of highways by cities was of the former class.

In *Brown* v. *Bentonville,* 94 Ark. 80, 126 S. W. 93, it was held that the maintenance and operation of waterworks by the city are governmental functions, and that the discretion of the city council is not subject to control by mandatory injunction. In *Board of Imp. Sewer Dist. No. 2* v. *Moreland,* 94 Ark. 380, 127 S. W. 469, 21 Ann. Cas. 957, it was held that a sewer district is a *quasi* public corporation: ''In other words, they are agents of the State to which certain powers and duties of a public nature have been delegated, but which can only exercise the corporate functions which the statute has expressly conferred upon them. Public *quasi* corporations are created with limited statutory powers, and the general rules, as respects the question of liability to individuals for the negligence of their officers or agents, is that no such liability attaches unless expressly provided by statute.'' Citing cases.

From the foregoing cases we may deduce the following principles as being well settled:

1. That a municipality is not liable for the nonfeasance of its officers and agents.

2. That a municipality is not liable for the negligence of its officers and agents in the performance of a governmental function.

We think unquestionably the city of Little Rock, in lighting its streets, public buildings and grounds, is engaged in the performance of a necessary governmental function, necessary for the convenience and safety of the public, not only of its own citizens, but of all others who may be visitors therein, for the prevention of crime, for the apprehension of criminals and for other purposes. If the maintenance and operation of waterworks, the maintenance and operation of sewers, and building and repair of streets are necessary governmental functions, for which municipalities are not liable for the negligence of its officers and agents, it is difficult to perceive why the same rule should not apply to the facts in this case. We hold that it does. Appellee bases his action upon the failure of his superior to perform a duty, a mere act of nonfeasance, for which the city is not liable, and for negligence in the performance of a governmental function for which the city is not liable.

The court therefore erred in overruling the demurrer and in submitting the case to the jury. The judgment will be reversed, and the case dismissed.