THOMAS *v.* TOWN OF LUXORA.

4-6140 146 S. W. 2d 692

Opinion delivered January 6, 1941.

*Shane & Fendler,* for appellant.

*A. W. Young,* for appellee.

SMITH, J. Appellant is the treasurer of the town of Luxora, which town has an ordinance fixing the salary of its treasurer at "2 per cent. of all moneys received and paid out by him on warrants, or turned over to his successor in office."

During the latter part of 1936, the town of Luxora applied to the Public Works Administration for a loan and a grant to finance the construction of a municipal waterworks system. A loan and a grant of approximately $50,000 was applied for, and the advance thereof was made during the year 1937. Appellant handled this money in his capacity as treasurer of the town, having deposited it in a separate account in an approved bank, and he disbursed the funds from that account upon warrants signed by the mayor and recorder of the town.

On August 12, 1937, he presented to the town council a demand for a fee of $824.75, this being 2 per cent. of $41,237.47, of the PWA money which he had disbursed prior to that time. And on December 1, 1937, he presented a second demand for $926.57, for disbursing $46,328.37, which was not honored. And on July 12, 1938, he issued himself a check for $986.57, of the same money for disbursing the total sum of $49,328.50.

On April 19, 1939, the town filed suit against the treasurer to recover this money, and from a judgment in favor of the town is this appeal.

The question for decision is, therefore, whether the treasurer was entitled to this fee or commission.

To answer this question, we must consider the nature and character of the fund upon which the commission or fee has been charged. To obtain this loan and grant the town was required to set out the specific purpose to which the money would be devoted. This was done, the purpose stated being to construct a waterworks system.

The town was required to make application upon a form prepared by the Public Works Administration in accordance with "terms and conditions" under which loans and grants were made. The town council passed an ordinance agreeing to abide by all terms and conditions relating to such loans and grants.

Among the terms and conditions imposed, to which the town acceded before receiving the money, were these. The money was to be used for the exclusive purpose of constructing the proposed improvement, the money was to be kept in a "Construction Account," to be expended only for such purposes as shall have been previously specified in a signed certificate of purpose filed with and accepted by the Public Works Administration. It was further stipulated that after all costs incurred in connection with the project have been paid, all money remaining in the construction account will be used to repurchase bonds or will be transferred to the Bond Fund. It was further stipulated that "All moneys in the Bond Fund will be expended solely for the purpose of paying interest on and principal of bonds."

It thus appears that the money was advanced to the town for a definite and specific purpose, and its expenditure limited to the accomplishment of that purpose. It became a trust fund, and was accepted as such, and the town was without authority to use it for any purpose except that specified in the agreement under which the money was advanced. If, therefore, the town, by its ordinance enacted many years prior to the loan, could divert a portion of the trust fund to the payment of fees or commissions to its treasurer, it could, by other ordinances, divert other portions thereof to other purposes. But the town had agreed, by its ordinance, that it would not do so, and that the money would be used for the exclusive purpose of constructing the project, and that if there was any excess above costs, this excess would be covered into the bond account, for the purpose, of course, of retiring the bonds.

We conclude, therefore, that the court below was correct in holding that the treasurer was without author-

ity to draw his check in his own favor against this special or trust account to pay his fees or commissions, and the judgment will, therefore, be affirmed.