PATTERSON *v.* CITY OF LITTLE ROCK.

4-6298                                        149 S. W. 2d 562

Opinion delivered April 7, 1941.

*J. H. Carmichael, Jr.,* and *Louis A. Saunders,* for appellant.

**190**

*John Sherrill, Thomas R. Vaughan* and *Cooper Jaco-way,* for appellees.

McHANEY, J.    Appellant, a minor 5 years of age, by her next friend, brought this action against appellees, the city of Little Rock, the Little Rock Municipal Water Works and its Commissioners, to recover damages for personal injuries she alleged she sustained through the negligence of the water works employees in leaving open and uncovered a water meter box located on the east side of Foster street in the city of Little Rock. Further negligence alleged was that appellees allowed "grass to grow over the hole which caused same to be hidden and could not be ascertained or seen by a person and that said meter box was placed almost directly in front of plaintiff's house." The injuries were described and damages prayed in the sum of $15,500.  In an amended and substituted complaint, it was alleged that the city is the owner and operator of the Little Rock Municipal Water Works, hereinafter called Water Works, and that under act 131 of 1933, it had the authority to purchase and operate the Water Works, and that by act 215 of 1937, it was provided that commissioners should be appointed to operate the Water Works; that the latter by its commissioners is engaged in the business of selling and distributing water to the citizens of the city and charges the consumer certain rates therefor, and, in doing so, it installs water mains and metal water boxes for meters to determine the amount consumed.    The negligence, injuries and damages were alleged as in the original complaint.

To this complaint a demurrer was interposed on two grounds: 1, that the Water Works is not a legal entity nor do the commissioners thereof have the power under the law to sue or be sued as such, and that the court has no jurisdiction in this action; 2, that the city, which is the owner and operator of the Water Works, cannot be sued in this action, as the operation of the Water Works by it is a governmental and public function, which cannot be hampered or interfered with by suits of this nature, nor is the city liable to respond in

damages for the matters and things set forth in the complaint.

The court sustained the demurrer. Appellant declined to plead further and elected to stand on her amended and substituted complaint, which was dismissed, and this appeal followed.

Appellant makes this concession: "It is conceded that if the state imposed upon the municipality a duty to carry out a function of the state, there is no question but that the municipality would be engaged in a governmental function and so would be immune from suit." Section 1 of act 131 of 1933 provides: "That any city or incorporated town in the state of Arkansas may purchase or construct a waterworks system or construct betterments and improvements to its waterworks system as in this act provided." Appellant says that, because of the use of the word "may," a distinction between a mandate and the extension of a privilege should be made, and cites a Connecticut case to sustain the distinction. The act referred to conferred on municipalities the power to purchase or construct a waterworks system. It did not require them to do so. If they exercised the power conferred, then said act provided for the operation thereof by the city as set out therein. Act 215 of 1937 permitted the operation of municipally owned water works by Boards of Commissioners and prescribed their powers and duties. So, it would appear that the distinction claimed does not in fact exist. The city is, therefore, engaged in a governmental function in the operation of the Water Works by its board of commissioners, and cannot be sued in this action under the concession made.

But without the concession, it has been held in many similar cases that the city in the operation of water works, electric light plants, sewer systems, etc., is engaged in a governmental function and that an action for damages, based on the negligence of its officers and agents, cannot be maintained. *Browne* v. *Bentonville,* 94 Ark. 80, 126 S. W. 93; *Little Rock* v. *Holland,* 184 Ark. 381, 42 S. W. 2d 383; *Hope* v. *Dodson,* 166 Ark. 236,

266 S. W. 68; *North Little Rock Water Co.* v. *Waterworks Commission of Little Rock,* 199 Ark. 773, 136 S. W. 2d 194. In the last cited case it was said: "That the operation and maintenance of the water plant by Little Rock was a governmental function, and not a proprietary activity, was the point expressly decided in the case of *Little Rock* v. *Holland, supra,* and the case of *Browne* v. *Bentonville, supra,* is to the same effect." See, also, *Bourland* v. *City of Ft. Smith,* 190 Ark. 289, 78 S. W. 2d 383; *Ark. Utilities Co.* v. *City of Paragould,* 200 Ark. 1051, 143 S. W. 2d 11; *Ark. Valley Cooperative Rural Electric Co.* v. *Elkins,* 200 Ark. 883, 141 S. W. 2d 538; and *Thomas* v. *Town of Luxora,* 201 Ark. 608, 146 S. W. 2d 692.

It necessarily follows that the judgment must be affirmed.