Dorris V. AUGUSTINE and Dennis AUGUSTINE
*v.* CITY OF WEST MEMPHIS et al

83-227                                    662 S.W.2d 813

Supreme Court of Arkansas
Opinion delivered January 9, 1984

*Skillman & Durrett,* by: *V. E. Skillman, Jr.,* for appellants.

*Robert Smith* and *David White,* for appellees.

GEORGE ROSE SMITH, Justice. The appellants, a married couple, brought this tort action against the City of West Memphis and its Public Utility Commission to recover for personal injuries suffered by Mrs. Augustine when she was struck by a falling limb that had been cut by an employee of the City or of the Commission. The trial judge sustained the defendants' motion to dismiss, which asserted the city's immunity from tort liability. The appeal comes to us under Rule 29 (1) (o).

The complaint alleges that Mrs. Augustine was riding her bicycle along a city street on the morning of May 22, 1981. A truck belonging to the defendants was parked on an intersecting street, where employees of the defendants were cutting tree limbs adjacent to a house. As Mrs. Augustine approached the site near the truck and slowed her bicycle to pass the truck and to avoid oncoming traffic, the defendants' employees cut a limb which struck her. It is alleged that defendants were not performing any governmental function and were acting in a proprietary capacity. The four specific allegations of negligence were that the defendants (a) failed to have warning devices in the area where the limbs were being cut, (b) failed to warn the plaintiff and other persons of the dangerous activities in and about the truck, (c) cut limbs that would fall in the traveled part of the street, and (d) failed to block off traffic in the area where the tree limbs would fall.

We are compelled to note that the appellants' abstract of the complaint includes a recitation that the Commission's "crew was using an attachment [on the vehicle] which would raise a man in the air for the purpose of cutting tree limbs." The appellees point out that the complaint contains no such language and ask us to disregard it. We must accede to that request, for counsel's inclusion of the non-existent language in the abstract was definitely improper. Nowhere

else in the abstract is there any mention of such an attachment to the vehicle.

The trial judge, on the pleadings, was right in granting the motion to dismiss. The complaint is based on the erroneous premise that the City and Commission were acting in a proprietary capacity and were therefore liable for negligence. No facts are alleged to show why, even under our former law, the defendants were not acting in a governmental capacity. In *Patterson* v. *City of Little Rock*, 202 Ark. 189, 149 S.W.2d 562 (1941), for example, we pointed out that a city engages in a governmental function in the operation of waterworks, electric light plants, sewer systems, and the like. Moreover, the former distinction between governmental and proprietary actions was abolished by Act 165 of 1969, which declared the state's public policy to be that municipal corporations and other political subdivisions shall be immune from liability in tort. Ark. Stat. Ann. § 12-2901 (Repl. 1979). The positive language of that statute is inconsistent with the distinction formerly made by our case law.

The appellants' brief is primarily devoted to a contention that Mrs. Augustine's injuries were caused by the operation of a vehicle generally known as a "cherry picker," that the defendants were required to carry liability insurance on the vehicle, and that in the absence of such insurance the defendants would be liable in a tort action. Ark. Stat. Ann. § 12-2903; *Sturdivant* v. *City of Farmington*, 255 Ark. 415, 500 S.W.2d 769 (1973). The trouble is, the record as abstracted does not support that argument. As plaintiffs, the appellants had the burden of stating a cause of action. Their complaint made no allegations to support the contention now presented on appeal, nor is there any indication that any effort was made to amend the complaint after the motion to dismiss was sustained. We have no alternative except to sustain the trial court's action.

Affirmed.

HOLLINGSWORTH, J., not participating.