James McLarty Arkansas Aeronautics Commission Adams Field — Old Terminal Bldg. Little Rock, Arkansas 72202
Dear Mr. McLarty:
This is in response to your recent request for an opinion regarding the liability of municipalities in connection with the operation of nondirectional beacons at airports.
Your request states that the Federal Aviation Authority has distributed an instrument approach procedure based upon the signal from the nondirectional beacon and has required municipalities to agree to operational and maintenance standards as a condition to the approval of the instrument approach procedure. The FAA has recently initiated a policy of requiring municipalities to execute an indemnity and hold harmless agreement as set forth in your letter as a condition precedent to the approval of the instrument approach procedure.
Your first question is as follows:
 Under existing Arkansas law, do local communities and their various airport commissions enjoy an immunity from liability in connection with their operation of the municipal airport in a governmental as opposed to proprietary function, i.e., proprietary referring to the same of fuel and aviation products for profit?
The current law providing for municipalities being immune from tort liability is Ark. Stat. Ann. 12-2901 (Repl. 1979). That section abolishes the distinction between governmental and proprietary functions. Augustine v. City of West Memphis,281 Ark. 162, 662 S.W.2d 813 (1984). Therefore, it is my opinion that the municipalities should not be subject to tort liability for the operation of an airport without regard to whether the function is governmental or proprietary.
Your second question is as follows:
 Assuming that a full or conditional immunity does exist for the governmental function involved, would the community and/or its airport commission be incurring a risk of liability through the execution of a memorandum of understanding which included the indemnity and hold harmless clause as set out hereinabove?
That clause states that community will hold the FAA, its officers, employees and agents harmless from all liability resulting from the operation and/or maintenance of the navigational aid. The FAA is not immune from tort liability to the extent that it is subject to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. Reminga v. United States, 448 F. Supp. 445 (W.D.Mich. 1978), aff'd 631 F.2d 449
(6th Cir. 1980). Notwithstanding the fact that the United States rather than the agency is the proper defendant in an action under 28 U.S.C. § 2671, et seq., the agency itself must pay at least those claims settled under authority of 28 U.S.C. § 2672 and 2677. Thus, it is my opinion that the community and/or its commission would incur a risk of liability in executing a memoranding of understanding containing an indemnity and hold harmless agreement.
An additional issue is the validity of such a hold harmless indemnity agreement. We have previously issued Opinion No. 82-96, a copy of which is attached hereto, which addresses the validity of such agreements.
The foregoing opinion which I hereby approve was prepared by Assistant Attorney General Thomas S. Gay.
Sincerely,
Steve Clark Attorney General
JSC:TSG:jk