The Honorable Art Givens State Representative Brookwood Center, Suite 206 301 Brookwood Road Sherwood, AR 72116
Dear Representative Givens:
This is in response to your request for an opinion regarding A.C.A. § 21-4-102 (Cum. Supp. 1991), which authorizes military leaves of absence for certain public employees. You have asked whether this Code section applies to the City of North Little Rock Water Department.[1]
It is my opinion that the answer to your question is "yes," that is, Section 21-4-102 applies to employees of the North Little Rock Water Department.
Subsection (a) of § 21-4-102 states in relevant part as follows:
 All employees of the state, as defined in § 21-4-203, or any of its political subdivisions who desire to take a leave of absence for the purpose of participating in the military training programs made available by the National Guard or any of the reserve branches of the armed forces . . . shall be entitled to such a leave of absence for a period of fifteen (15) days plus necessary travel time for annual training requirements or other duties performed in an official duty status in any one (1) calendar year. [Emphasis added.]
A.C.A. § 21-4-102(a) (Cum. Supp. 1991).
The section thus applies to any employees of the state's political subdivisions. In this instance, the fact that the employees in question may, as a general matter, be properly identified as employees of the waterworks system does not, in my opinion, compel the conclusion that they are not employees of a political subdivision for purposes of § 21-4-102(a). The Arkansas Supreme Court in the case of Patterson v. City of Little Rock,202 Ark. 189, 149 S.W.2d 562 (1941) held, in effect, that employees of the city's waterworks system were officers and agents of the city for purposes of governmental immunity in a negligence action. See also Augustine v. City of WestMemphis, 281 Ark. 162, 662 S.W.2d 813 (1984) (citing to the immunity of "municipal corporations and other political subdivisions" in a tort action against the city and its public utility commission). 281 Ark. at 164.
The significance of these cases for purposes of your inquiry lies in the absence of any distinction drawn between the employees' status as city or waterworks commission employees. Sovereign immunity attached in Augustine v. City of West Memphis,supra, following the court's citation to Ark. Stat. Ann. § 12-2901 (Repl. 1979), now codified at A.C.A. § 21-9-301 (Cum. Supp. 1991), which declares the state's public policy that ". . . all counties, municipal corporations, school districts, special improvement districts, and all other political subdivisions of the state shall be immune from liability and suit for damages. No tort action shall lie against any such political subdivision because of the acts of their agents and employees." Whether the employees were deemed to be employees of the city or of the public utility commission, sovereign immunity applied. It is my opinion that the court would similarly apply the provisions of §21-4-102 to employees of the North Little Rock Water Department.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] It is my understanding that the North Little Rock waterworks system is operated by a board of waterworks commissioners, which was established pursuant to Act 215 of 1937 (codified at A.C.A. § 14-234-301 et seq. (1987)).